IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 10-00222-01-CR-W-HFS |
| | ) | |
| JOHN L. ARROCHA | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

Defendant's motion to suppress (Doc. 28) claims an unauthorized search of his vehicle, which had been parked at a Quiktrip Store when he was arrested for an outstanding warrant. The search was conducted because the police intended to tow the car, on the theory that another driver was unavailable and leaving it locked in the parking area (as defendant preferred) would interfere with business. Defendant testified without impeachment that family members and a girlfriend could have moved the car, if he had called to ask for help.

I will deny the motion with some reluctance, after review of the record and the findings by Judge Larsen. Doc. 43. The procedure seems somewhat unfair, because there was no informed waiver of defendant's right to call for help. He did not know he was risking a search. An inventory search incident to towing would disclose a firearm which he was apparently unauthorized to possess. Current law does not protect defendant in these circumstances.

The police acted in accordance with law, as Judge Larsen found, although one may suspect they were largely motivated by curiosity in that a prior disturbance involving defendant (when he complained of racial discrimination) allegedly included reference to a gun.

The principal fact controversy is whether, as the Magistrate found, and the record permits, "they" (the police) gave defendant an opportunity to give them the name of someone to call to come get the car. "He said there was no one to come pick up the vehicle" Doc. 43, page 7, with transcript references. No one adequately reconstructs such a conversation, or identifies the speaker. A contemporaneous police report states "no one was able to take custody of the vehicle." Pl. Exh. 5, page 4. Consistent with the Magistrate's report, I conclude there was some conversation on this point, and that defendant, unaware of the consequences, did not press for family assistance. He preferred to have the car locked and left in place.

Towing the car was consistent with police department policy, even though not unlikely to be "unattended for more than 48 hours" because "in the judgment of the officer" abandoning the car on the parking lot "unreasonably interferes with the use of the real property by the person in possession." Pl. Exh. 1, page 4. An inventory search pursuant to towing then occurred.

For the reasons stated here and by Judge Larsen, I adopt the report and recommendation and deny the motion to suppress. (Doc. 28).

SO ORDERED

/s/ Howard F. Sachs
HOWARD F. SACHS
UNITED STATES DISTRICT JUDGE

September  7 , 2011

Kansas City, Missouri